In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Steven W. VAN LIEW, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Steven W. VAN LIEW, Respondent.

Supreme Court

*No. 2006AP1252–D. Decided July 25, 2006.*

2006 WI 110

(Also reported in 718 N.W.2d 716.)

The Court entered the following order on this date:
On May 23, 2006, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Steven W. Van Liew asking this court to impose reciprocal discipline identical to that imposed on Attorney Van

Liew by the Minnesota Supreme Court. That court suspended Attorney Van Liew's Minnesota law license for 90 days, effective March 31, 2006. On May 24, 2006, this court issued an order to show cause directing Attorney Van Liew to show cause in writing by June 13, 2006 why the imposition of the identical discipline imposed by the Minnesota Supreme Court would be unwarranted. Attorney Van Liew filed a response noting he does not intend to defend himself and would enter a no-contest plea.

Attorney Van Liew was admitted to practice law in Wisconsin in 1994 and he became licensed to practice law in Minnesota in 1997.

The 90–day suspension in Minnesota was imposed for making false statements to a tribunal and failure to file an opposition to a motion on behalf of a client.

SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court should not accept as final the misconduct finding; or the misconduct justifies substantially different discipline here. Neither the OLR nor Attorney Van Liew contend, nor does this court find, that any of these three exceptions exist.

Accordingly,

IT IS ORDERED that the license of Steven W. Van Liew to practice law in the state of Wisconsin be suspended for 90 days, effective July 25, 2006;

IT IS FURTHER ORDERED that Attorney Van Liew shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension.